UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAMON VICTOR CRIST,<br><br>                  Petitioner,<br><br>vs.<br><br>MATTHEW CLIFFORD,<br><br>                  Respondent. | Case No. 1:23-cv-00553-DKG<br><br>**INITIAL REVIEW ORDER<br>AND REASSIGNMENT ORDER** |

The Court now reviews the Petition for Writ of Habeas Corpus 28 U.S.C. § 2241 filed by Damon Victor Crist (Petitioner), a pretrial detainee in custody of the Ada County Jail. Section 2241 is a "general grant of habeas relief" that applies to persons held in state custody for reasons other than a state court criminal judgment, including circumstances of pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction. *Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018).

In its discretion, the Court may apply the Rules Governing Section 2254 Cases to § 2241 habeas corpus cases. *See* Rule 1(b), Rules Governing Section 2254 Cases. The Court finds it appropriate to review Petitioner's filings pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which authorizes summary dismissal of a habeas corpus

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 1**

petition where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* 28 U.S.C. § 2243 (same).

Petitioner, a Utah citizen, asserts that he was wrongfully arrested and detained in Idaho on August 15, 2022, for failure to register as an out-of-state sex offender when he came to Idaho temporarily for work purposes. At the same time, Petitioner was arrested for possession of a controlled substance and possession of drug paraphernalia. Dkt. 1, p. 6. Petitioner had no intention of residing in Idaho. He did not have a prior offense that clearly fit the Idaho sex offender registry statute. He was never required to register as a sex offender in Utah. He had no prior notice from Idaho that he was required to register, and he was not afforded a pre-deprivation hearing.

Idaho's Sex Offender Registration Act (SORA), I.C. §§ 18-8301, *et seq.*, requires "nonresident[s] regularly employed or working in Idaho" to register as sex offenders if they have been convicted of certain categories of crimes that are "substantially equivalent" to those on Idaho's SORA list. I.C. § 18-8304(1)(e). "'Employed' means full-time or part-time employment exceeding ten (10) consecutive working days or for an aggregate period exceeding thirty (30) days in any calendar year." I.C. § 18-8303(6). Among the SORA list of crimes are I.C. § 8-4502, first degree kidnapping committed for the purpose of rape or for committing any lewd and lascivious act upon any child under the age of sixteen, or for purposes of sexual gratification or arousal; and I.C. § 18-4503, second-degree kidnapping where the victim is an unrelated minor child (includes no sexual element).

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 2**

Idaho Administrative Procedural Act 11.10.03.000 grants the Idaho State Police (ISP) sole authority to implement rules governing the sex offender registry. Petitioner alleges that the ISP wrongfully delegated its duty to investigate and notify him of the registration requirement to City of Meridian police officer Grace Lloyd, who used improper and incorrect sources to arrest him.

Petitioner asserts that his criminal history does not fit the SORA. In 2006, he was convicted of first degree child kidnapping in Utah under Utah Code § 76-5-301.1.[1] He alleges there was [n]o sexual component involved in [his] conviction."[2] Dkt. 2, p. 17. He asserts that the "[c]ircumstances involved a drug fueled psychosis episode triggered by consumption of overdose levels of a drug an entire day of confrontations with citizens of all age groups, but leading to [him] physically placing a minor in his vehicle." *Id*.

Petitioner was not provided with a pre-deprivation hearing before being required to register. Petitioner asserts that his counsel performed ineffectively at the preliminary hearing on the failure-to-register charge. However, on September 15, 2022, Fourth Judicial District Judge David Manweiler dismissed the sex offender and possession counts of the State's Amended Complaint. Dkt. 1, p. 6. But, on September 16, 2022, the prosecutor refiled the failure-to-register charge. Petitioner's counsel filed another motion

---

[1] The Utah statute under which Petitioner was convicted provides: "An actor commits child kidnapping if the actor intentionally or knowingly, without authority of law, and by any means and in any manner, seizes, confines, detains, or transports a child without the consent of the child's parent or guardian, or the consent of a person acting in loco parentis."

[2] I.C. § 18-4503, one of the qualifying Idaho SORA crimes, second-degree kidnaping of a child, has no sexual element. While this similarity may make Petitioner's Utah crime a substantial equivalent, the nature of the elements of the crime underscores the need for due process protections, such as notice to an out-of-state person of the need to register and a pre-deprivation hearing in circumstances similar to *Doe v. Wasden*, 558 F. Supp. 3d 892, 910–11 (D. Idaho 2021), discussed *infra*.

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 3**

to dismiss the charges. On January 13, 2023, the court denied the motion to dismiss, but granted Petitioner's request for a permissive interlocutory appeal. *Id*.

Petitioner asserts that the interlocutory appeal is going slowly because the transcripts had not been completed as of November 15, 2023. He also asserts that his appellate counsel raised only two of eight potential issues on appeal.[3] Nothing in the record shows whether the appeal has concluded.

A pre-requisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. State of Montana*, 626

---

[3] The United States District Court for the District of Idaho has previously considered the dilemma of a petitioner who is at odds with their counsel about which claims to bring on appeal—especially when the petitioner is worried about the rule that all federal habeas corpus claims must be fairly presented to the highest state court before they can be brought in federal court. This Court has particularly considered an Eighth Circuit decision, *Clemmons v. Delo*, where the United States Court of Appeals held that a habeas claim was fairly presented to the state court—even though counsel failed to raise the claim in appellate briefing—because the petitioner "did the only thing he could do: he tried to bring the issue to the attention of the [court] himself" by filing a motion pro se. 124 F.3d 944, 948 (8th Cir. 1997).

However, the principle of fair presentation established in *Clemmons* does not apply where the state court has a "regularly applied rule of state procedural law" that bars represented litigants from filing pro se documents independently of counsel. *Id.* at 956; *see Oglesby v. Bowersox*, 592 F.3d 922, 925 (8th Cir. 2010) (holding that the *Clemmons* principle, though applicable in certain "unique circumstances," does not apply if the petitioner's "claim was defaulted pursuant to an independent and adequate state procedural rule that is firmly established and regularly followed").

In Idaho appellate cases, petitioners have two clear, mutually-exclusive choices: either they can choose to be represented by counsel, or they can choose to ask counsel to withdraw so they can proceed pro se if they disagree with their counsel. A petitioner cannot have it both ways. *Cf. McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (holding that the Sixth Amendment does not entitle a criminal defendant to "hybrid" representation—that is, a defendant does not have the right to represent himself and to have the assistance of counsel). Idaho courts have a consistent and longstanding practice of refusing to consider pro se filings when the filing party is represented by counsel. *See, e.g., Moen v. State*, No. 40600, 2014 WL 5305905, at *11 (Idaho Ct. App. Oct. 15, 2014); *Johnson v. State*, No. 38425, 2012 WL 9490829, at *2 (Idaho Ct. App. Feb. 3, 2012); *Musgrove v. State*, Case No. 37407, 2011 WL 11037672, at *1 (Idaho Ct. App. May 16, 2011); *State v. Brink*, Case No. 34391, 2008 WL 9471256, at *8 (Idaho Ct. App. Nov. 7, 2008). Therefore, the *Clemmons* principle does not apply in Idaho to render claims properly exhausted if a represented petitioner attempts to file a supplemental pro se brief to the Idaho appellate courts to raise additional claims not raised by counsel.

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 4**

F.2d 82, 83 (9th Cir. 1980). A petitioner can satisfy the exhaustion requirement by showing that he "fairly presented" his federal claim to the highest state court with jurisdiction to consider it (proper exhaustion), or (2) that no state court remedy is available when he arrives in federal court (improper exhaustion, which requires a showing of cause and prejudice in order for a federal court to hear the claims). *See Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

Here, it appears that Petitioner has not exhausted his state court remedies and that remedies remain available to him. In fact, Petitioner appears to be in the midst of a state court appeal. A pending appeal usually indicates that the state courts are continuing to address and adjudicate the alleged constitutional violation; accordingly there is little reason for the federal court to begin adjudicating the same claims, when nothing in the record indicates that resolution in the state appellate court will not be forthcoming in due course. *See Buel v. Decker*, 429 F.2d 1314, 1315 (5th Cir. 1970) (affirming the judgment of the federal district court denying relief for failure to exhaust state court remedies where an appeal was still pending in the Texas Court of Criminal Appeals).

In very limited instances, failure to exhaust may be excused because of special circumstances. *Whelan v. Noelle*, 966 F.Supp. 992, 998 (D. Or. 1997). For example, in *Cohen v. Warden, Montgomery County Detention Center*, 252 F.Supp. 666 (D. Md. 1966), the court deemed the petitioner's state court remedies exhausted where his appeal had been dismissed by the highest state court because of the petitioner's financial inability to file the required briefs in his state habeas corpus proceeding. *Id*. at 672. In *Whelan*, the federal district court recognized it was unfortunate several months would

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 5**

pass before the petitioner's state court appeal was completed, but concluded that the petitioner had not exhausted his state court remedies and was not excused from doing so where he "made no showing that the state appellate process is not sufficient to adjudicate his claims." 966 F.Supp. at 999.

The Court will permit Petitioner to respond to provide information about whether the appeal has been completed, including whether the Idaho Supreme Court had opportunity to consider a petition for review. Petitioner must also address why the state appellate process is not sufficient to address his claims, especially given the following. First, Petitioner was given permission to file his appeal under an expedited process, a permissive interlocutory appeal.[4] *See* Dkt. 9, p. 3. Second, the Idaho Supreme Court recently acknowledged as "persuasive" the holding in *Doe v. Wasden*, 558 F. Supp. 3d 892, 910–11 (D. Idaho 2021), *appeal dismissed*, No. 21-35826, 2022 WL 19333636 (9th Cir. Dec. 12, 2022)—that the ISP cannot rely on documents beyond the fact of conviction (such as police reports) to determine SORA substantial equivalence without providing a pre-deprivation hearing. *Skehan v. Idaho State Police*, No. 49547-2022, 2024 WL 24568, at *4 (Idaho Jan. 3, 2024) (in context of procedural, not merits, discussion). Thes two factors do not support a showing that the state appellate process is insufficient to address Petitioner's claim, but tend to show the opposite is true.

---

[4] *See* Register of Actions in CR01-22-29153, *State of Idaho Plaintiff, vs. Damon Victor Crist,* https://mycourts.idaho.gov/odysseyportal/Home/WorkspaceMode?p=0 (accessed 1/19/2024).

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 6**

**ORDER**

IT IS ORDERED:

1. Petitioner's Application for Leave to Proceed in Forma Pauperis (Dkt. 3) is GRANTED.

2. Within **21 days** after entry of this Order, Petitioner must provide facts and argument showing why the state appellate process is insufficient to address his claim, informing the Court of the current status of his appellate action, and informing the Court of the outcome of his other pending Idaho charges in Case CR01-22-29153 (for example, whether Petitioner also is being held on other Idaho charges or convictions, the legitimacy of which are not at issue).

3. Because not all parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders, the Clerk of Court shall reassign this case to a United States District Judge.

DATED: January 22, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge